**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIE EVERETT and FLORA EVERETT,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-230 |
| | ) | |
| **AIR & LIQUID SYSTEMS CORPORATION, aka** | ) | **JURY TRIAL DEMANDED** |
| **BUFFALO PUMPS, INC.,** | ) | |
| **ALFA LAVAL, INC.,** | ) | |
| **AURORA PUMP COMPANY,** | ) | |
| **BORG-WARNER MORSE TEC LLC, as successor-** | ) | |
| by merger to, **BORG-WARNER CORPORATION,** | ) | |
| **CARRIER CORPORATION,** | ) | |
| **CBS CORPORATION, f/k/a VIACOM, INC., merger** | ) | |
| to **CBS CORPORATION, f/k/a WESTINGHOUSE** | ) | |
| **ELECTRIC CORP.,** | ) | |
| **CRANE CO., individually and as successor-in-interest to** | ) | |
| **COCHRANE, INC., a/k/a JENKINS VALVES, INC.,** | ) | |
| **CROWN, CORK AND SEAL COMPANY, INC.,** | ) | |
| **DRACO MECHANICAL SUPPLY, INC.,** | ) | |
| **EATON CORPORATION, f/k/a CUTLER-HAMMER,** | ) | |
| **FLOWSERVE CORPORATION, individually** | ) | |
| and as successor-in-interest to | ) | |
| **BW/IP INTERNATIONAL, INC.** | ) | |
| f/k/a **BYRON JACKSON PUMP DIVISION,** | ) | |
| **FMC CORPORATION, as successor of** | ) | |
| **NORTHERN PUMPS** and **PEERLESS PUMPS,** | ) | |
| **FOSTER WHEELER ENERGY CORPORATION,** | ) | |
| individually and successor-in-interest to | ) | |
| **C.H. WHEELER,** | ) | |
| **GARDNER DENVER, INC.,** | ) | |
| **GENERAL ELECTRIC COMPANY,** | ) | |
| **GENERAL GASKET CORPORATION,** | ) | |
| **GEORGIA-PACIFIC, LLC,** | ) | |
| **GOULDS PUMPS, INC.,** | ) | |
| **GREENE TWEED & CO INC.,** | ) | |
| **GRINNELL, LLC,** | ) | |
| **HONEYWELL INTERNATIONAL, INC.,** | ) | |
| **IMO INDUSTRIES, INC., individually and as** | ) | |
| successor-in-interest to **DELAVAL TURBINE, INC.,** | ) | |
| **INGERSOLL-RAND COMPANY,** | ) | |
| **ITT CORPORATION, f/k/a ITT INDUSTRIES, INC.,** | ) | |

| | |
|---|---|
| **JOHN CRANE, INC.,** | ) |
| **J.P. BUSHNELL PACKING SUPPLY CO.,** | ) |
| **THE J.R. CLARKSON COMPANY, successor to** | ) |
|    **THE KUNKLE VALVE COMPANY, and successor to** | ) |
|    **J.E. LONERGAN COMPANY,** | ) |
| **LAMONS GASKET COMPANY,** | ) |
| **LUFKIN INDUSTRIES, INC.,** | ) |
| **METROPOLITAN LIFE INSURANCE COMPANY,** | ) |
| **OWENS-ILLINOIS, INC.,** | ) |
| **PNUEMO ABEX CORPORATION,** | ) |
| **TACO, INC.,** | ) |
| **TRANE US, INC., f/k/a** | ) |
|    **AMERICAN STANDARD, INC.,** | ) |
| **UNION CARBIDE CORPORATION,** | ) |
| **VIKING PUMP, INC., and** | ) |
| **WARREN PUMPS, LLC,** | ) |
| | ) |
|         **Defendants.** | ) |

## NOTICE OF REMOVAL

Defendant Crane Co. hereby removes this action to the United States District Court for the Eastern District of Missouri, Eastern Division, based upon federal-officer jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. In support of removal, Crane Co. provides the following short and plain statement:

1. In December 2016, Plaintiffs filed their Petition in the Twenty-Second Judicial Circuit Court in St. Louis, Missouri. *See* Petition, Exhibit 1. The Petition alleges, *inter alia*, that Plaintiff Willie Everett was exposed to asbestos from Defendants' products during his service in the U.S. Navy from 1955 to 1985 as a fireman, machinist mate, and chief warrant officer. *See* Ex. 1, ¶¶ 1–2.

2. Plaintiff's allegations that he was exposed to asbestos while working with or around Crane Co. valves as an employee of the Navy give rise to Crane Co.'s federal defense—often referred to as the government-contractor defense. In short, any Crane Co. product that Plaintiff

alleges he was exposed to in the Navy was manufactured for and supplied to the Navy (along with any product literature, labeling, or warnings that accompanied those products) in strict accordance with Navy specifications and requirements. Federal officers exercised their discretion regarding whether (i) asbestos was used in the product, and (ii) whether a warning would accompany the product (and if so, what it would say). Without approval from a federal officer, Crane Co.'s products could not have been used by the Navy (whether on board a ship, in a shipyard, or otherwise).

      3. Crane Co. was served with the Petition on December 20, 2016. *See* Ex.1. Crane Co.'s Notice of Removal is timely under 28 U.S.C § 1446(b)(3) and Fed. R. Civ. P. 6(a)(1)(C) because Crane Co. is filing it within 30 days of being served with the Petition.

      4. Removal is proper under 28 U.S.C. § 1442(a)(1), where the removing defendant establishes that: (1) the defendant is a person under the statute; (2) the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the plaintiffs' claims and the defendant's actions under federal direction; and (4) the defendant has raised a colorable defense based on federal law. *See Mesa v. California*, 489 U.S. 121, 124–25, 129–31, 134–35 (1989). Crane Co. meets all four elements and therefore is entitled to remove this action. Indeed, the United States Courts of Appeals for the Ninth and Second Circuits recently held that Crane Co. establishes a colorable federal defense and meets all of the requirements of federal-officer removal based on allegations and evidence nearly identical to those submitted here. *See Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014); *Cuomo v. Crane Co.*, 771 F.3d 113 (2d Cir. 2014).

      5. Crane Co. has met the first element because corporations qualify as a "person" under the statute. *See Winters v. Diamond Shamrock Co.*, 149 F.3d 387, 398 (5th Cir. 1998).

6. With respect to the second element for federal-officer removal, Crane Co. was acting under the direction of the Navy in the design, manufacture, and sale of its products for and to the Navy. Crane Co. products were designed and manufactured in strict accordance with precise contracts and specifications approved by the Navy. *See* Affidavit of Anthony D. Pantaleoni ("Pantaleoni Aff."), at ¶¶ 5–6, attached as Exhibit 2; Affidavit of David P. Sargent ("Sargent Aff."), at ¶¶ 22–32, attached as Exhibit 3.[1] Since the 1950s, the Navy issued Military Specifications (MILSPECs) for various products, including the types of products allegedly manufactured or supplied by Crane Co., and certain MILSPECs required the use of asbestos or asbestos components. *See* Sargent Aff., at ¶¶ 26–27, and 32. Moreover, compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors. Sargent Aff., at ¶ 29. Unless Crane Co. products were first determined to be in conformity with all applicable Navy specifications, they could not be installed aboard Navy ships. Sargent Aff., at ¶ 29. Thus, given the Navy's direct and detailed control over the design and manufacture of Crane Co. products, Crane Co. has met this element.

7. In light of the specific direction and strict control of the Navy over the design and manufacture of Crane Co. products detailed above, there exists a strong causal nexus between Plaintiff's claims and Crane Co.'s actions, thus meeting the third element. Plaintiff's claims against Crane Co. depend solely on the actions taken by Crane Co. in accordance and compliance with directions from the Navy.

8. With respect to the fourth element, Crane Co.'s government-contractor defense is a colorable federal defense to Plaintiff's claims. As set forth in the product-liability/design-defect context by the Supreme Court of the United States in *Boyle v. United Technologies Corp.*, 487

---

[1] Crane Co. provides these affidavits as examples of the evidence it may present on these issues. Crane Co. may choose to present additional information regarding these issues once the case proceeds.

U.S. 500, 512 (1988), the government-contractor defense applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. Crane Co. has a colorable federal defense because the Navy provided Crane Co. with precise specifications regarding its products and Crane Co. delivered products that conformed to those specifications. Sargent Aff. at ¶¶ 23–32; Pantaleoni Aff. at ¶¶ 5–6. The Navy, as one of the leaders in industrial hygiene state of the art, possessed knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, such as Crane Co. *See* Affidavit of Samuel A. Forman ("Forman Aff."), at ¶¶ 21–23, attached as Exhibit 4. The Navy's specifications governed not only the design and construction of Crane Co.'s products, but also the form and content of any labeling, product literature, or warnings supplied with the products. Sargent Aff. at ¶¶ 23–32. The Navy reviewed the proposed product literature and labeling that accompanied equipment and, at its discretion, edited the wording of instructional material and warnings, approving certain warning language and disapproving other language. *See* Sargent Aff., at ¶ 59 & Exhibit K, Doc. 2-8 (examples of the Navy providing line-by-line edits to the product literature and proposed warning language of equipment manufacturers). Thus, Crane Co. has a colorable claim that it is entitled to immunity from state tort law in this action under the government-contractor defense.

9. As required by § 1446(a) and Local Rule 2.03, true and correct copies of all process, pleadings, orders, and other papers from the matter filed in the Twenty-Second Judicial Circuit Court of St. Louis, Missouri, are being filed with this Notice of Removal.

10. Pursuant to Local Rule 2.02, a completed Original Filing Form and Civil Cover Sheet are also included as exhibits. *See* Exhibits 5, 6.

11. Pursuant to 28 U.S.C. § 1446(d), Crane Co. is filing written notice of its Notice of Removal with the Twenty-Second Judicial Circuit Court of St. Louis, Missouri, and serving it on all counsel of record.

12. Status of this case: The undersigned counsel has reviewed the Circuit Court file. It appears that all motions remain pending. Only one order has issued, granting Plaintiffs' motion to appoint special process server. It does not appear that any parties have been dismissed.

WHEREFORE, Defendant Crane Co. requests that this Court assume jurisdiction over this matter.

HEPLERBROOM LLC

By: _/s/ Benjamin J. Wilson_____
BENJAMIN J. WILSON      # 63329MO
hbasb@heplerbroom.com
211 N. Broadway, Suite 2700
St. Louis, MO  63102
Phone:  (314) 241-6160
Fax:  (314) 241-6116
*Attorney for Defendant Crane Co.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 19, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and with the Circuit Clerk of the Twenty-Second Judicial Circuit Court in St. Louis, Missouri, which effects service on all parties. I have also sent a copy of the foregoing to Plaintiff's counsel, Carson Menges, by U.S. Mail, at Menges Law LLC, 6400 W. Main Street, Suite 1G, Belleville, Illinois, 62223.

                                                HEPLERBROOM LLC

                                                By: /s/ Benjamin J. Wilson_____
                                                BENJAMIN J. WILSON      # 63329MO
                                                hbasb@heplerbroom.com
                                                211 N. Broadway, Suite 2700
                                                St. Louis, MO  63102
                                                Phone:  (314) 241-6160
                                                Fax:  (314) 241-6116
                                                *Attorney for Defendant Crane Co.*