IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT

| | |
|---|---|
| WILLIE EVERETT and FLORA EVERETT ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1622-CC11552 |
| v. ) | |
| ) | Asbestos Personal Injury |
| AIR & LIQUID SYSTEMS ) | |
| CORPORATION, a/k/a BUFFALO PUMPS,) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT FOSTER WHEELER ENERGY CORPORATION MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND SUGGESTIONS IN SUPPORT**

Defendant Foster Wheeler Energy Corporation ("Foster Wheeler"), by and through its counsel, moves this Court, by and through its counsel moves this Court pursuant to Supreme Court Rule 55.27 (a)(2) to dismiss all claims against Foster Wheeler for lack of personal jurisdiction and/or to dismiss for failure to state a claim upon which relief can be granted pursuant to Supreme Court Rule 55.27 (a)(6).

**This Court Lacks Jurisdiction over Foster Wheeler**

Foster Wheeler is not subject to personal jurisdiction in this matter because there has been no assertion of Missouri residence by the plaintiff at the time of the tort alleged against Foster Wheeler and the claims alleged do not arise out of, or relate to, conduct by Foster Wheeler that took place in Missouri. In fact, there is no apparent connection at all between Foster Wheeler and the State of Missouri.  Foster Wheeler is further not subject to *general* personal jurisdiction in Missouri as a matter of federal due process, because Foster Wheeler is neither incorporated nor has its principal place of business in Missouri, nor is it alleged to be.  There are no

allegations as to any Foster Wheeler connections with Missouri so as to satisfy the jurisdictional requirements set forth by the United States Supreme Court in *Daimler AG v. Bauman,* 134 S. Ct. 746 (2014).

**A.  Personal Jurisdiction Standard**

1)      There are two types of personal jurisdiction – specific and general. A court has specific jurisdiction over a defendant when the suit arises *out of* or relates *to* the defendant's contacts *with* the forum. *Daimler AG v. Bauman,* 134 S. Ct. 746, 754 (2014). In Missouri, a foreign defendant is subject to specific personal jurisdiction only where (1) the suit arises out of certain activities enumerated in the Missouri long-arm statute and (2) where the defendant has "sufficient minimum contacts with Missouri" to satisfy the requirements of due process. *Chromalloy American Corp. v.Elyria Foundry Co.*, 955 S.W.2d 1, 4 (Mo. banc 1997).  In contrast, general jurisdiction exists even where a plaintiff's cause of action does not arise out of or relate to the defendant's contacts with the forum, but where the defendant's forum contacts are nevertheless "so 'continuous and systematic' as to render [the defendant] essentially at home" in the forum state. *Daimler,* 134 S. Ct. at 754 (quoting *Goodyear Dunlop Tires Operations, S.A. v Brown*, 131 S. Ct. 2846, 2851 (2011)).

2)      As with specific jurisdiction, general jurisdiction is authorized under Missouri state law, *see Sloan-Roberts v. Morse Chevrolet, Inc.*, 44 S.W.3d 402, 409 (Mo. Ct. App. 2001), and must satisfy the requirements of due process, *see, e.g.*, *Wineteer v. Vietnam Helicopter Pilots Ass'n*, 121 S.W.3d 277, 283 (Mo. Ct. App. 2003) (citing *Int'l Shoe Co. v.Washington*, 326 U.S. 310, 316 (1945)).

3)      When a nonresident defendant such as Foster Wheeler challenges the assertion of either specific or general jurisdiction, the burden shifts to the plaintiff to make a *prima facie* showing

that personal jurisdiction is proper. *State ex rel. Specialized Transp., Inc. v. Dowd*, 265 S.W. 3d 858, 862 (Mo. App. E.D. 2009); *Hollinger v. Sifers*, 122 S.W.3d 112, 115 (Mo. App. 2003). "The sufficiency of the evidence to make such a *prima facie* showing is a question of law. . . ." *Id*. For the exercise of specific personal jurisdiction, a plaintiff need not prove all of the elements that form the basis of its claim, but must at least prove "that acts contemplated by the [long-arm] statute took place within [Missouri]." *Id.* at 116.  For the exercise of general jurisdiction, a plaintiff must, in addition to demonstrating the presence of general jurisdiction under state law, demonstrate Foster Wheeler had sufficient minimum contacts with Missouri so as not to offend "traditional notions of fair play and substantial justice." *See, e.g., Daimler*, 134 S. Ct. at 754 (quoting *Int'l Shoe*, 326 U.S. at 316).

4) Further, a "[p]laintiff cannot rely on mere conclusions [but] must allege facts to carry its burden." *Smith v. Union Carbide Corp*., No. 1422-CC00457, 2015 WL 191118, at *2 (Mo. Cir. Jan. 12, 2015) (citing *City of Fenton v. Executive Int'l Inn, Inc*., 740 S.W. 2d 338, 339 (Mo. App. E.D. 1987)).

5) Plaintiff cannot make a *prima facie* showing that either specific or general jurisdiction over Foster Wheeler is appropriate in this case. All claims against Foster Wheeler must therefore be dismissed.

**B.  Foster Wheeler is not Subject to Specific Personal Jurisdiction**

6) For a non-resident defendant to be subject to specific personal jurisdiction in Missouri, the claims against that defendant must arise out of activities enumerated in the Missouri long-arm statute. *Chromalloy American*, 955 S.W.2d at 4. A plaintiff's failure to show that the claims against the defendant arose *out of* such activities warrants dismissal. *See Hollinger,* 122 S.W.3d at 115. Here, the Petition merely states that EMCO is amenable to suit in the State of Missouri by

3

reason of currently doing business in the State of Missouri, by previously doing business in the State of Missouri and by reason of the Missouri Long Arm Statute, or by reason of one or more of the defendants having sold, distributed and/or installed asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri and by reason of having committed tortious acts against the plaintiff in Missouri. Par.7, Plaintiff's Petition.  The Missouri "long arm statute" set forth below establishes the basis for obtaining personal jurisdiction over a non-resident such as Foster Wheeler.

> 506.500. 1. Any person or firm, whether or not a citizen or resident of this state, or any  corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
>
>> (1) The transaction of any business within this state;
>>
>> (2) The making of any contract within this state;
>>
>> (3) The commission of a tortious act within this state;
>>
>> (4) The ownership, use, or possession of any real estate situated in this state;
>>
>> (5) The contracting to insure any person, property or risk located within this state at the time of contracting;
>>
>> (6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

7)     While these statements are obviously intended to clear the jurisdictional hurdle set by the state long-arm statute, Missouri is a fact-pleading jurisdiction and requires allegations of fact. *See* Rule 55.05; *Gibson v. Brewer,* 952 S.W.2d 239, 245 (Mo. 1997). These conclusory Jurisdictional allegations, which fail to identify any act or transaction by Foster Wheeler (or any other Defendant) that occurred within the State of Missouri, simply do not bring Plaintiff's claims within the purview of the long-arm statute, and are therefore wholly insufficient to save the complaint from dismissal.  The Petition demonstrates that there is no connection whatsoever

between the plaintiff and the State of Missouri, much less between Missouri and the claims in issue.

8)      Given the above, Plaintiff has not carried his burden of showing that the claims against Foster Wheeler arise out of any contacts with the State of Missouri. As such, the claims in this matter against Foster Wheeler cannot and do not fall within the purview of the Missouri long-arm statute, and there is no basis for this Court to exercise specific personal jurisdiction over Foster Wheeler.

**C. Foster Wheeler is Not Subject to General Personal Jurisdiction**

9)      General personal jurisdiction requires a corporation to be "at home" in Missouri.  General jurisdiction, like specific jurisdiction, must be authorized under Missouri law and comport with the requirements of due process. *Yaeger v. Wyndham Vacation Resorts, Inc.*, No. 4:14-CV-795-JCH, 2014WL 3543426, at *2 (E.D.Mo. 2014). Very recently, however, the United States Supreme Court revisited the issue of personal jurisdiction in a way not seen since *International Shoe* and *Pennoyer v. Neff*, and clarified that *unlike* specific jurisdiction, the scope of general jurisdiction is sharply circumscribed: only a "*limited* set of affiliations" with the forum will suffice. *Daimler AG v. Bauman*, 134 S. Ct. 746 at 760 (2014).  This limited set of affiliations is intended to provide non-forum defendants with some "minimum assurance as to where . . . conduct will and will not render them liable to suit," *id.* at 762 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,472 (2014)), and to prevent jurisdictional overreach on the part of states, *see id.* at 762, n.20 ("Nothing in *International Shoe* and its progeny suggests that 'a particular quantum of local activity' should give a State authority over a 'far larger quantum of . . . activity' having no connection to any in-state activity."  As such, general jurisdiction may be extended only where a defendant's contacts with a forum state are so pervasive that the

5

defendant may "essentially" be regarded as "at home" there. *See id.* at 754; *Goodyear,* 131 S. Ct. at 2851.

10)     For a corporation, the "paradigm" forum for general jurisdiction is the place of incorporation and/or principal place of business. *Daimler,* 134 S. Ct. at 760. These "affiliations have the virtue of being unique – that is, each ordinarily indicates only one place [and is] easily ascertainable." *Id.*

11)     A corporation may be subject to general jurisdiction in a different place, but only in an "*exceptional* case" – i.e., the corporation's in-state operations must still be "so substantial and of such a nature as to render the corporation *at home*." *Id.* at 761 n.19 (emphasis added). This protects a corporation who conducts business in a large number of states from being subject to general jurisdiction in all of them. *See id.* at 762 n.20 (explaining that a corporation that operates in many places can scarcely be deemed at home in all of them"). An example of an exceptional case is one in which the in-forum affiliations of a foreign defendant are of such a nature as to constitute a "surrogate . . . place of incorporation or head office." *See id.* at 756 n.8, 761 n.19. The critical question is not, then, whether the defendant has some in-forum contacts,[1] but whether, within the entire context of that corporation's activities across the nation and the world, the corporate activities within the forum rise to such a level so as to force that defendant to be subject to suit in that location. *See id*. at 762 n.20. Simply doing business in a forum state is not enough.

12)     In the recent *Daimler* opinion, the United States Supreme Court considered a suit brought by nearly two dozen Argentine residents in California against the German-based Daimler Chrysler for acts committed by one of the corporation's subsidiaries in Argentina during the Argentine DirtyWar. *Daimler*, 134 S. Ct. at 750-51. The plaintiffs argued that general personal

jurisdiction over Daimler was proper based upon the California contacts of Daimler's U.S. subsidiary, Mercedes Benz USA ("MBUSA"). *Id.* at 752. Per the record, MBUSA distributed vehicles manufactured by Daimler to independent dealerships throughout the United States, and, at the time of suit, had multiple California based facilities, including a regional office, a vehicle preparation center, and a Classic Center. *Id.*

13) MBUSA was also allegedly the largest supplier of luxury vehicles to the California market, and its California sales made up roughly 2.4% of Daimler's sales worldwide. *Id.* Neither Daimler nor MBUSA were incorporated or principally based in California. *Id.* at 761. In an opinion joined by eight justices, [2] the Supreme Court concluded that MBUSA's California contacts were unexceptional; to approve the extension of general jurisdiction would be to "Presumably [subject Daimler to suit] in every State in which MBUSA's sales are sizable." *See id.* In *Daimler's* wake, numerous courts have since applied its reasoning to dismiss all manner of cases against non-forum defendants, including cases dealing with asbestos related claims.

14) In *Brown v. CBS Corp.*, 19 F. Supp. 3d 390 (D. Conn. 2014), for example, a case in which an Alabama plaintiff brought claims against various defendants for asbestos-related injuries, the Connecticut district court refused to extend general jurisdiction over the Maryland-based Lockheed Martin, even though Lockheed (1) was registered to do business and had a registered agent for service of process in Connecticut; (2) had, between 2008 and 2012, collected $160 million in revenue from Connecticut-based work, kept employees at four different Connecticut locations, and leased four properties; and (3) maintained, at the time of suit, one leased property with its name on the building, a telephone listing, and payments of state corporate income tax on Connecticut revenue. *Id.* at 391-92, 397-400. Following *Daimler*, the district court observed that, "[a]lthough Lockheed's contacts with Connecticut may appear

7

substantial, when viewed in relation to its operations as a whole, Lockheed's Connecticut activities account for a relatively trivial amount of its overall business." *Id.* at *398. The court thus determined that Lockheed was not "at home" in Connecticut for purposes of general jurisdiction, and granted its motion to dismiss. *See id.* at *397-99. *See also BNSF Ry Co. v. Superior Court*, No. B260798, 2015, WL 1404544, at *1, *7 (Cal. Ct. App. Mar. 27, 2015) (declining to extend general jurisdiction to railroad asbestos defendant with 8.1% of workforce, 6% of revenue, and under 5% of total track mileage in California); *In re Asbestos Prods. Liab. Litig. (No. VI)*, No.MDL 875, 2014WL5394310, at 3 (E.D. Pa. Oct. 23, 2014) (finding in-forum contacts to be no "substitute for [defendant's] place of incorporation or principal place of business," even where defendant was (1) licensed to do business and had an agent for service in forum; (2) sailed vessels in forum waters; and (3) docked at forum ports); *Ricks v. Armstrong Intern.*, No. 4:14-CV-37-BO, 2014WL 2873189 (E.D.N.C. Jun. 24, 2014) (denying general jurisdiction in asbestos case where in-state contacts included (1) two work-from home sales people; (2) participation and attendance at job fairs; and (3) sales constituting 9.86% of defendant's total sales); *Macqueen v. Union Carbide Corp.*, No. CV 13-831-SLR-CJB, 2014 WL 6809811, at 8 (D. Del. Dec. 3, 2014) (declining to extend general jurisdiction over foreign asbestos defendant, emphasizing that, "[w]hile seemingly broad, the standard for general jurisdiction is high in practice and not often met."); *Anderson v. Dana Co., LLC (In re Asbestos Litig.)*, 2015 Del. Super. LEXIS 66 (Del. Super. Ct. Jan. 30, 2015) (finding Virginia-based asbestos defendant lacked sufficiently continuous and systematic contacts to be considered "at home" in Delaware).

15) One of the most recent analyses of general jurisdiction in the asbestos context was issued by Judge Robert Dierker of the Twenty Second Judicial Circuit. In that case, Smith, an asbestos

Electronically Filed - City of St. Louis - January 16, 2017 - 03:06 PM

Electronically Filed - City of St. Louis - January 16, 2017 - 03:06 PM

insulator who had worked in Missouri and several other states, filed suit in Saint Louis against defendants, including the Delaware-based DuPont. *See Smith v. Union Carbide Corp.*, No. 1422-CC00457, 2015 WL 191118 (Mo. Cir. Jan. 12, 2015) All of the claims against DuPont were based upon alleged Oklahoma exposures. *Id.* at *1. Smith, relying in part on the pre-*Daimler* decision of *State ex. Rel. K-Mart Corp. v. Holliger*, 986 S.W. 165 (Mo. Banc 1999), contended that general personal jurisdiction was proper because DuPont (1) had a subsidiary located in Missouri; (2) was registered to do business in Missouri; and (3) had designated an in-state agent for service of process. *Id*. Judge Dierker disagreed. *Id.* at *2-3.  Finding *K-Mart* inapposite where the *K-Mart* court had failed to reach the issue of due process, Judge Dierker determined that an analysis under *Daimler* must be conducted where due process objections are raised. *See id.* at *2. After finding that DuPont was neither incorporated nor principally based in Missouri, Judge Dierker concluded that Smith had failed to demonstrate the case was otherwise sufficiently exceptional to justify the extension of general jurisdiction "beyond these paradigmatic forums." As such, Judge Dierker denied the application of general jurisdiction to DuPont. *Id* at *3.  *Smith*, *Brown*, and the other asbestos cases cited above are just a few examples of the great number of post-*Daimler* cases from across the nation that have rejected the application of general jurisdiction over non-forum defendants that are incorporated and principally base elsewhere. *See*, *e.g.*, *Martinez v. Aero Caribbean*, 764 F.3d 1062 (9th Cir. 2014) (denying general jurisdiction where defendant was incorporated and based elsewhere, and in-forum contacts were minor in comparison with worldwide activities); *Monkton Ins. Servs. Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (denying general jurisdiction under *Daimler* based upon defendant's interactive website, which could be viewed in forum); *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221 (2nd Cir. 2014) (concluding that under *Daimler* and *Goodyear* "even a company's

engagement in a substantial, continuous, and systematic course of business is alone insufficient to render it at home in a forum; *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (declining to extend general jurisdiction over a foreign bank with branches in New York where bank was incorporated and principally based elsewhere, and where "only a small portion" of bank's worldwide business was conducted in New York); *Astrazeneca AB v. Mylan Pharms., Inc.*, 2014 U.S. Dist. LEXIS 156660 (D. Del. Nov. 5, 2014) (rejecting litigation history, business contacts, in-state business registration and a registered agent as sufficient to warrant the exercise of general jurisdiction over foreign defendant); *GoldenTree Asset Mgmt. LP v. BNP Paribas S.A.*, No. 13 C 00435, 2014WL 4100445, at *7 (N.D. Ill. Aug. 20, 2014) (declining to find an exceptional case for general jurisdiction where, *inter alia*, there were "no allegations that any degree of management of the other 95-plus percent of [defendant's business was] conducted by or through the [forum] subsidiaries."); *Sullivan v. Sony Music Entm't*, No. 14 CV 731, 2014 WL 5473142 (N.D. Ill. 2014) (distinguishing between doing business in Illinois and being at home in Illinois, and denying general jurisdiction in part because of defendant's significantly stronger affiliations with other states); *Locke v. Ethicon*, No. 4:14-CV-2648, 2014 WL 5819824 (S.D. Tex. Nov. 10, 2014) (rejecting general jurisdiction over non-forum defendants despite sales in Texas, hiring and training employees and consultants in Texas, and website marketing materials Texas).

16) At least four Missouri federal district courts have, like Judge Dierker, joined this growing post-*Daimler* chorus and rejected attempts to extend general jurisdiction over non-forum defendants with insufficient contacts in the forum state. *See Am. Rec. Prods., LLC v. Tennier Indus.*, 11 F. Supp. 3d 959 (E.D. Mo. 2014) (denying general jurisdiction over non-forum defendant despite the fact that defendant purchased labels in Missouri);*Neely v.Wyeth LLC*,No.

4:11-cv-00325-JAR, 2015 WL 1456984 (E.D. Mo. May 4, 2015) (denying general jurisdiction where defendant's contacts included, *inter alia*, Missouri business registration and designation of a local registered agent); *Marine Concepts, LLC v. Marco Canvas & Upholstery, LLC*, No. 2:14-CV-04280-NKL, 2015WL 403078, at *2 (W.D. Mo. Jan. 28, 2015) (finding no general jurisdiction where defendants lacked contacts with Missouri and must, under *Daimler*, "do more than simply conduct ongoing business in Missouri"); *Interocean Trade & Transp., Inc. v. Shanghai Antong Int'l Freight Agency Co.*, Case No. 13-0176-CV-W-REL, 2014 WL 4983493 (W.D. Mo. Oct. 4, 2014) (denying general jurisdiction where non-forum defendant's sole contacts consisted of (1) membership in a Missouri based association; (2) shipments of product into the state; and (3) attendance at Missouri conventions by defendant representatives).

17)     What *Daimler* and its growing progeny make absolutely clear is that some contacts or some revenue generated inside a forum do not alone allow for the exercise of general jurisdiction over a foreign corporation. To qualify as "at home" in a state, a foreign corporation's contacts must be exceptional as compared with that corporation's other, non-forum contacts. Anything short of a "surrogate" headquarters or place of incorporation is insufficient. As demonstrated below, Plaintiff) here cannot show that Foster Wheeler's Missouri contacts are so exceptional as to permit the exercise of general jurisdiction.

18)     Foster Wheeler does not have sufficient contact with Missouri to be considered "at home."  Plaintiff does not allege Foster Wheeler is incorporated in Missouri.  Plaintiff) must plead and demonstrate that Foster Wheeler's contacts with Missouri are sufficiently "exceptional" so as to justify the exercise of general jurisdiction under *Daimler*'s guidelines.

**D.  Plaintiff's Petition Against Foster Wheeler Fails to State a Claim Upon Which Relief Can Be Granted**

19) The Petition fails to state a cause of action and fails to state claims upon which relief can be granted against Foster Wheeler. Where a plaintiff fails to state facts showing that plaintiff is entitled to relief, the petition should be dismissed. United Industries Corp. v. Mummert, 878 S.W. 2d 494, 496 (Mo.App. E. D., 1994).

20) The Petition makes only conclusory allegations and fails to identify with sufficient specificity the products exposed to, the dates of exposure, and the location of exposure to this Defendant's claimed products. Where a petition contains only conclusions and does not contain facts or allegations from which to infer those facts, a motion to dismiss is the proper remedy. Bramon v. U Haul, Inc., 945 S.W. 2d 676, 679 (Mo. Ct. App. 1997).

21) The Petition fails to allege that any exposure is a substantial factor in the proximate causation of decedent's injuries or death. Hagen v. Celotex Corp., 816 S.W.2d 667, 670 (Mo.banc 1991); Nesselrode v. Executive Beachcraft, Inc., 707 S.W.2d 371, 375-376, 381-382 (Mo. banc 1986). See also Zafft v. Eli Lilly & Company, 676 S.W.2d 241, 247 (Mo. banc 1984).

WHEREFORE, as Plaintiffs cannot show that Foster Wheeler is incorporated or principally based in Missouri, has a registered agent for service of process in Missouri, nor demonstrate that Foster Wheeler's contacts with Missouri are either functionally or proportionally exceptional so as to otherwise signify that Foster Wheeler is "at home" here, Defendant Foster Wheeler respectfully requests that the Court dismiss this action as to this Defendant. Alternatively, the Petition is defective in that it fails to state a cause of action against Foster Wheeler and should be dismissed.

WHEREFORE, as Plaintiff cannot show that Foster Wheeler is incorporated or principally based in Missouri, nor demonstrate that Foster Wheeler's Missouri contacts are either functionally or proportionally exceptional so as to otherwise signify that Foster Wheeler is "at

home" here, Defendant Foster Wheeler respectfully requests that the Court dismiss this action as to Defendant Foster Wheeler.  Alternatively, the Petition is defective in that it fails to state a cause of action against Foster Wheeler and should be dismissed.

                FOSTER WHEELER CORPORATION

BY:   /s/ Robert D. Andrekanic\_\_\_\_
       Robert D. Andrekanic, #27946
       Mary G. Sullivan, #43030
       CRIVELLO, CARLSON, PICOU, & ANDREKANIC LLC
       1021 Plummer Drive
       Suite 201
       Edwardsville, IL  62025
       618) 655-0006
       (618) 655-0250 Fax

Electronically Filed - City of St. Louis - January 16, 2017 - 03:06 PM