UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE EVERTT AND FLORA EVERETT, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | Case No. 4:17-CV-230 |
| ) | JURY TRIAL DEMANDED |
| AIR & LIQUID SYSTEMS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CBS CORPORATION'S JOINDER IN CRANE CO.'S NOTICE OF REMOVAL, ASSERTION OF THIS COURT'S ORIGINAL JURISDICTION AND MOTION FOR LEAVE TO  SUPPLEMENT THE RECORD IN SUPPORT THEREOF**

Pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, Defendant CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation (hereinafter "Defendant" or "Westinghouse) hereby joins in the notice removal of this action filed by Crane Co. on January 19, 2017, removing this action from the Twenty-Second Judicial Circuit Court in St. Louis, Missouri to the United States District Court for the Eastern District of Missouri.  *See* ECF No. 1. In addition to joining in Crane Co.'s removal of this action, Westinghouse  asserts its own federal officer status in this case, and therefore, this Court has original jurisdiction over this matter, apart from any basis for removal asserted by Crane Co.

### I. PROCEDURAL HISTORY.

1. On December 1, 2016, Plaintiffs initiated a civil action in the Twenty-Second Judicial Circuit Court, St. Louis, Missouri, Case Number 1622-CC11552. See ECF No. 1, Exhibit 1. Westinghouse was served with the Complaint on December 19, 2016.

2.	January 19, 2017, Crane Co. removed the case to the United States District Court for the Eastern District of Missouri, Case Number 4:17-CV-230-SPM, pursuant to 28 U.S.C. §§ 1442 and 1446.

3.	Crane Co.'s Notice of Removal was timely filed as required by 28 U.S.C. § 1446(b). Westinghouse hereby moves to join in Crane Co. removal petition, and, further, asserts federal officer status of Westinghouse.

4.	Should any party file a motion to remand this case, Westinghouse respectfully requests an opportunity to respond more fully in writing and to conduct discovery limited to the issue of removal, but at this time offers the following authorities in support of removal.

**II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1442.**

5.	Any alleged Navy equipment that Westinghouse manufactured under contract with the U.S. Navy for installation in U.S. Navy vessels was manufactured to Navy specifications and was subject to strict Navy control and supervision over all aspects of the various equipment's design and manufacture, including, without limitation, the presence of asbestos in such equipment and the existence of any warnings affixed to or issued in connection with the equipment.

6.	This Court has original jurisdiction over this matter as to Westinghouse pursuant to 28 U.S.C. § 1442(a)(1) because the action involves a person (Westinghouse) that acted under the authority of an officer or agency of the United States. A corporation, such as Westinghouse, is a "person" within the meaning of this statute. *See Isaacson v. Dow Chemical Company*, 517 F.3d 129, 133 (2d Cir. 2008); *Fink v. Todd Shipyards*, 2004 WL 856734 (E.D. La. 2004). The record before this Court establishes (1) that a defendant acted under the direction of a federal

officer, (2) that a defendant has a colorable federal defense to plaintiff's claim, and (3) that there is a causal nexus between the plaintiff's claims and the acts it performed under color of federal office. *See Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770 (E.D. Pa. 2010); *Mesa v. California,* 489 U.S. 121 (1989); *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180-82 (7th Cir. 2012); *Mohler v. Air & Liquid Sys. Corp.*, No. 3:13-CV-1221-DGW-SCW, 2014 WL 2582843, at *2 (S.D. Ill. June 9, 2014); *Isaacson v. Dow Chemical Company*, 517 F.3d 129, 133 (2d Cir. 2008); *Machnik v. Buffalo Pumps, Inc.*, 2007 WL 4570566 (D. Conn. 2007); *Fung v. Abex Corp.,* 816 F. Supp. 569 (N.D. Cal. 1992); *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996); see also *In re Methyl Tertiary Butyl Esther Prods. Liab. Litig*., 341 F.Supp.2d 351, 358-59 (S.D.N.Y. 2004) (third-party indemnity complaint provides basis for federal officer removal jurisdiction). Westinghouse can satisfy each of these three prongs relative to Plaintiffs' asbestos- related claims in the instant case.

7. Westinghouse's alleged actions at issue in this suit took place under the direct and detailed control of a federal agency –  the United States Navy – as well as several Navy Officers and Navy-employed civilians, all acting under the command of the Secretary of the Navy. These individuals exercised direct control over the design and manufacture of the alleged Westinghouse Navy equipment, as well as control over all information affixed to that equipment supplied to the Navy. Westinghouse's alleged  Navy equipment, from which plaintiff asserts a claim for naval asbestos exposure, were manufactured according to the specifications of, and under the direction and control of, the U.S. Navy. Finally, Westinghouse's  Navy equipment was always subjected to extensive testing and inspection by the Navy as a prerequisite to its approval, acceptance and use of that equipment aboard Navy ships. In sum, virtually no aspect of the design and manufacture of the Navy equipment at issue would have escaped the close control of the Navy

and its officers. Such facts clearly establish that Westinghouse was "acting under" the Navy and its officers in its design, manufacture and supply of Navy equipment. *E.g.*, *Morgan v. Bill Vann Co., Inc.*, 2011 WL 6056083 (S.D.Ala. Dec 06, 2011).

8.      In this case, Plaintiffs claims Mr. Everett was injured, in part, due to exposure to asbestos-containing components used in connection with alleged Westinghouse Navy equipment. As reflected above, any use of asbestos in conjunction with such equipment was the direct result of the Navy's own detailed plans, military specifications and/or regulations. Thus, the existence of a causal nexus between Westinghouse's actions under color of its federal office and Plaintiff's claims is axiomatic.

9.      As recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), Westinghouse has a federal defense to these actions, *i.e.*, government contractor immunity from liability for injuries arising from exposure to asbestos from Navy equipment manufactured under contract with the U.S. Navy, insofar as Westinghouse constructed or repaired them in accordance with Navy specifications and under strict control or supervision of the U.S. Navy. *Accord, Carley v. Wheeled Coach*, 991 F.2d 1117 (3d Cir. 1993*); Garner v. Santoro*, 865 F.2d 629 (5th Cir. 1989); *Kleemann v. McDonnell Douglas Corp.*, 890 F.2d 698 (4th Cir. 1989). A government contractor defense exists when (1) the United States approved reasonably precise specifications, (2) the equipment conformed to those specifications, and (3) the contractor warned the government about any dangers known to the contractor but not to the government. *Boyle, supra*; *Carley v. Wheeled Coach, supra*. The government contractor defense also applies to claims of failure to warn. *Ruppel v. CBS Corp.*, 701 F.3d at 1185 ("It is well established that the government contractor defense articulated by the Supreme Court in Boyle may operate to defeat a state failure-to-warn claim.") (quoting *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 1003-04

(7th Cir. 1996) ("[W]hen state law would otherwise impose liability for a failure to warn, that law can be displaced...."); see *Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d at 783. In the context of federal officer removal, "Plaintiff can allege an entirely state-law cause of action, but will not be able to retain the case in state courts if the claim gives rise to a colorable federal defense." *Barnes v. Various Defendants (In Re Asbestos Products Liability Litigation)*, 770 F.Supp.2d 736 (E.D. Pa., 2011); see also *Hagen v. Benjamin Foster Co.,* 739 F.Supp.2d 770 (E.D. Pa. 2010); *United States v. Todd*, 245 F.3d 691 (8th Cir., 2001). The colorable defense "need only be plausible; its ultimate validity is not to be determined at the time of removal." *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424 (11th Cir. 1996). The defendant "need not win his case before he can have it removed." *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S. Ct. 1813 (1969). "Thus, a defense may be colorable even if the court ultimately rejects it. Indeed, no determination of fact is required at the removal stage. All a defendant needs to do is to make a showing that his federal defense 'is not without foundation and made in good faith.'" *Marley v. Elliot Turbomachinery Co., Inc*., 545 F. Supp. 2d 1266, 1272 (S.D. Fla. 2008) (quoting *Nesbiet v. Gen. Electric*, 399 F. Supp. 2d 205, 211 n. 44 (S.D.N.Y. 2005)). As reflected above, Westinghouse's alleged Navy equipment that was manufactured for the U.S. Navy was manufactured in conformity with detailed specifications of the U.S. Navy. Westinghouse had no knowledge concerning the potential hazards of asbestos that was not known by the U.S. Navy. Therefore, Westinghouse has established a colorable federal defense to plaintiff's claims and this Court's jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). See *Faddish v. General Electric Company*, 2010 WL 4146108, (E.D. Pa. 2010) (granting summary judgment for GE as to claims of naval asbestos exposure based upon the government contractor defense).

10. Any claim Plaintiffs may make that Mr. Everett was also exposed to asbestos from Westinghouse products outside of the Navy is irrelevant for purposes of removal because "[w]hen a single federal officer removes a case to federal court, the entire case is thereby removed." *Harris v. Rapid Am. Corp.*, No. 07 C 6055, 2008 WL 656233, at *1 (N.D. Ill. Mar. 7, 2008); *see also* 14C Charles Alan Wright, et al., Federal Practice & Procedure § 3726 (4th ed. 2009) ("Because § 1442(a)(1) authorizes removal of the entire case if only one of the controversies it raises involves a federal officer or agency, the section creates a special species of statutorily-mandated supplemental subject matter jurisdiction.").

### III. CONCLUSION.

11. This Court has original jurisdiction over Westinghouse pursuant to 28 U.S.C. § 1442(a)(1) because, in addition to statements made in Crane Co.'s Notice of Removal and Warren's Notice of Joinder of Removal, Westinghouse was acting as an officer or agent of the United States. Therefore, this Court should retain jurisdiction over this matter.

WHEREFORE, Westinghouse requests that this action proceed in this Court pursuant to this Court's original jurisdiction.

Respectfully Submitted,

**FOLEY & MANSFIELD PLLP**

By: */s/ Michael R. Dauphin*
Michael R. Dauphin          #6314608
mdauphin@foleymansfield.com
101 South Hanley Road, Suite 600
St. Louis, MO 63105
Phone: 314-925-5700
Fax: 314-925-5701
**Attorneys for Defendant
CBS Corporation, a Delaware corporation,
f/k/a Viacom, Inc., successor by merger to
CBS Corporation, a Pennsylvania
corporation, f/k/a Westinghouse Electric
Corporation**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system and is available for viewing and downloading from the CM/ECF system.  The forgoing document was served upon all counsel of record via the CM/ECF system on this 20th day of January, 2017.

*/s/ Michael R. Dauphin*