UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE EVERETT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 4:17CV230 HEA |
| ) | |
| AURORA PUMP COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Motions to Dismiss for Lack of Jurisdiction, [Doc. No.'s 12, 13, 14, 26, 34, 46, 59, 79, 159, 165, 186, and 215]. Plaintiffs oppose the Motions. For the reasons set forth below, the Motions will be granted.

## Background

Defendants removed this matter to federal court from the Circuit Court of the City of St. Louis, Missouri, on January 19, 2017. According to the Petition, Defendants maintain registered agents in the state of Missouri, and are engaged in business in Missouri. Plaintiff Willie Everett is a resident of Missouri who was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers and/or asbestiform fibers emanating from certain products he was working with and around which were manufactured, sold, distributed or installed by Defendants.

In response to the Petition, Defendants moved to dismiss the action under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. Defendants contend they have not consented to personal jurisdiction. In light of the Missouri Supreme Court's recent ruling in *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41 (Mo. 2017 en banc).

Plaintiffs have asserted that Defendants consented to personal jurisdiction because they maintain a registered agent in Missouri. Since the filing of this action, the Missouri Supreme Court has held that "[t]he plain language of Missouri's registration statutes does not mention consent to personal jurisdiction for unrelated claims, nor does it purport to provide an independent basis for jurisdiction over foreign corporations that register in Missouri." *Dolan*, 512 S.W.3d at 51. Furthermore, the registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present. To the extent the holdings or dicta in prior cases suggest otherwise, they go beyond the language of the relevant statutes and should no longer be followed. *Id*. at 52.

Consequently, the Missouri Supreme Court has clarified the clear basis under Missouri law for the exercise of personal jurisdiction over Defendants is not consent or solely registration and therefore no longer valid. *Id*. Plaintiffs concede

that registration no longer provides a basis for a court to exercise personal jurisdiction over a defendant.

Pursuant to Rule 12(b)(2), an action may be dismissed if the district court lacks personal jurisdiction over the defendant. "To allege personal jurisdiction, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 474-75 (8th Cir. 2012) (citations, quotations marks and alteration omitted). "If the defendant controverts or denies jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction." *Id*. The showing of jurisdiction "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id*. (internal quotation marks omitted).

By way of overview, the Court notes that absent waiver or consent, "[p]ersonal jurisdiction can be specific or general." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citation omitted). "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless

of where the cause of action arose." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011).

**Specific Jurisdiction**

Specific jurisdiction "requires a relationship between the forum, the cause of action, and the defendant." *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 912 (8th Cir. 2012) (citation omitted). This occurs "when the defendant purposely directs its activities in the forum state and the litigation results from injuries relating to the defendant's activities in the forum state." *Id*. at 912-13. The relationship between a defendant's contacts and the cause of action is not restricted to a proximate cause standard but should take into account the "totality of the circumstances." *Id*. The exercise of specific jurisdiction is appropriate only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment. *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. 2010).

**Minimum Contacts**

Due process requires that the defendant has sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). Generally, "those who live or operate primarily outside a State have a due process right not to

be subjected to judgment in its courts." *J. McIntyre Mach., Ltd. v. Nicastro,* 564 U.S. 873, 881 (2011) (plurality opinion). However, sufficient minimum contacts exist when "the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). In evaluating "reasonable anticipation" the court must determine whether there is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Plaintiffs argue that the "jurisdiction by necessity" doctrine should apply. Under this doctrine, jurisdiction could be exercised where there exists no other forum in which a plaintiff could bring his/her action against all defendants.

> To assert jurisdiction by necessity, a plaintiff must show that all defendants cannot be sued in a single forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 419, n. 13, 104 S.Ct. 1868, 80 L.Ed.2d 404. . . . As stated in *Helicopteros,* jurisdiction by necessity is "a potentially far-reaching modification of existing law…" *Id.*

*Hamad v. Gates*, No. C10-591 MJP, 2010 WL 4511142, at *5 (W.D. Wash. Nov. 2, 2010).

Plaintiffs have presented no binding authority requiring this Court to Captain a ship upon an uncharted sea toward a shore previously unrecognized as a method upon which to obtain personal jurisdiction over a defendant that has not been

shown to have "sufficient minimum contacts" with the State of Missouri that the exercise of personal jurisdiction over it would conform with the due process and traditional notions of fair play and substantial justice.

The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as the result of "the unilateral activity of another party." *Burger King*, 471 U.S. at 475.

Based on the foregoing, Plaintiffs have not shown that Defendants had sufficient minimum contacts with Missouri to satisfy due process. Consequently, the Court concludes it lacks specific personal jurisdiction over Defendant.

**General Jurisdiction**

General jurisdiction refers to the exercise of personal jurisdiction "in a suit not arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415 n.9 (1984). Two recent Supreme Court cases have refined the standard for whether a court has general jurisdiction over a corporation. *See Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Ordinarily, a court may "exercise general jurisdiction over a corporation only when the corporation's place of incorporation or its principal place of business is in the forum state." *Dolan*, 512 S.W.3d at 46 (*citing Goodyear*, 564 U.S. at 919; *Daimler,* 134 S.Ct. at 754). In "exceptional cases," general jurisdiction may exist

in another state if the corporation's activities in that other state are "so substantial and of such a nature as to render the corporation at home in that State." *Id.* (*citing Daimler,* 134 S.Ct. at 761 n.19). Missouri courts "rarely exercise general jurisdiction over non-resident defendants." *Sloan-Roberts v. Morse Chevrolet, Inc.*, 44 S.W.3d 402, 410 (Mo. App. 2001).

In this matter, Plaintiffs agree Defendants are incorporated in other states. Plaintiffs do not contest that Defendants' principal places of business are outside of Missouri. Based on the high threshold of business activity required under *Goodyear* and *Daimler*, Plaintiff has failed to show that the Court may exercise general jurisdiction over Defendants.

**Jurisdictional Discovery**

Plaintiffs also ask to conduct discovery on the issue of the nature and extent of Defendants' contacts with the state of Missouri. "[W]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 n.1 (8th Cir. 2004) (citation omitted). Here, the vague assertion regarding jurisdictional discovery appears to be based on speculation and conclusions. Accordingly, without more, Plaintiffs' request to conduct jurisdictional discovery will be denied.

## Conclusion

For the reasons set forth above, Plaintiffs have failed to establish that this Court can exercise personal jurisdiction over Defendants Foster Wheeler Energy Corporation, John Crane, Inc., Warren Pumps, LLC, Honeywell International Inc., General Electric Company, Carrier Corporation, Greene Tweed & Co Inc., CBS Corporation, Georgia Pacific, LLC, Ingersoll-Rand Company, Flowserve Corporation, and Trane U.S., Inc.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions to Dismiss for Lack of Jurisdiction, [Doc. No.'s 12, 13, 14, 26, 34, 46, 59, 79, 159, 165, 186, and 215], are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Foster Wheeler Energy Corporation, John Crane, Inc., Warren Pumps, LLC, Honeywell International Inc., General Electric Company, Carrier Corporation, Greene Tweed & Co Inc., CBS Corporation, Georgia Pacific, LLC, Ingersoll-Rand Company, Flowserve Corporation, and Trane U.S., Inc. are **dismissed**.

**IT IS FURTHER ORDERED** that Greene Tweed & Co., Inc.'s Motion for Ruling, [Doc. No. 244], is **denied as moot**.

**IT IS FURTHER ORDERED** that General Electric's Motion for Ruling Without Further Briefing or Oral Argument, [Doc. No. 269], is **denied as moot**.

**IT IS FURTHER ORDERED** that Trane U.S. Inc.'s Motion to Stay Discovery, [Doc. No. 282], is **denied as moot**.

**IT IS FURTHER ORDERED** that Ingersoll Rand Company's Motion to Stay Discovery, [Doc. No. 283], is **denied as moot**.

**IT IS FURTHER ORDERED** that General Electric Company's Motion to Stay All Discovery, [Doc. No. 286], is **denied as moot**.

Dated this 27th day of June, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE