# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

WILLIE EVERETT, et al.,                )
                                       )
      Plaintiffs,              )
                                       )
v.                                     )     CASE NO. 4:17CV230 HEA
                                       )
AURORA PUMP COMPANY, et al.,           )
                                       )
      Defendants.              )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration,
[Doc. No. 301], Defendant Foster Wheeler Energy Corporation's Motion for
Joinder in CBS Corporation's Opposition to Plaintiff's Motion for
Reconsideration, [Doc. No. 301], Defendant Gardner and Denver, Inc.'s Motion to
Dismiss for Lack of Jurisdiction, [Doc. No. 306], Defendant Gardner and Denver,
Inc.'s Motion to Quash the Rule 30(b)(6) Notice of Deposition and to Stay
Discovery Against Gardner and Denver, Inc., [Doc. No. 308], Defendant Warren
Pumps, LLC's Motion for Joinder in CBS Corporation's Opposition to Plaintiff's
Motion for Reconsideration, [Doc. No. 315], Plaintiff's Objections to Notice of
Taking the Deposition of John C. Maddox, M.D. and Subpoena Duces Tecum,
[Doc. No. 330], Defendant Eaton Corporation, as Successor in Interest to Cutler-
Hammer, Inc.'s Motion for Reconsideration of Order Granting Plaintiff's Motion

for Leave to File Amended Petition, [Doc. No. 339], Defendant CBS Corporation's Motion to Dismiss for Lack of Jurisdiction, [Doc. No. 340], Defendant General Electric Company's Motion for Clarification, [Doc. No. 341], and Defendant Warren Pumps, LLC's Motion for Clarification, [Doc. No. 342].

**Motions for Joinder**

The motions for joinder in CBS's opposition to the Motion for Reconsideration, [Doc. No. 305 and 315], are granted.

**Motion to Reconsider**

On June 27, 2017, the Court granted several defendants' Motions to Dismiss for Lack of Personal Jurisdiction. Plaintiffs now ask the Court to reconsider those dismissals by virtue of "an intervening change in the law since the parties briefed personal jurisdiction issues for the Court." Plaintiffs rely on the June 19, 2017 United States Supreme Court decision of *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.,* ___ U.S. ___, 137 S.Ct. 1773 (2017).

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995) (footnotes omitted)." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 128 S.Ct. 2605, 2617, n. 5 (2008).

Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (internal quotations omitted). Moreover, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T .-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998),(internal punctuation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

District courts "will ordinarily deny a motion for reconsideration unless the party demonstrates a showing of manifest error in the prior ruling or demonstrates new facts or legal authority that the party could not have previously produced with reasonable diligence to the court." *Elder–Keep v. Aksamit*, 460 F.3d 979, 988 (8th Cir.2006); *Monsanto Co. v. E.I. Dupont de Nemours & Co.*, 2011 WL 322672 at *4 (E.D.Mo. Jan.31, 2011); *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir.2010). A motion to reconsider "cannot be used to raise arguments which could have been raised prior to the issuance of judgment." *Hagerman v. Yukon*

*Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988). District courts have "broad discretion" in determining whether to reconsider judgment. *Hagerman,* 839 F.2d at 413.

As Defendants point out, the *Bristol-Myers* decision was rendered before this Court's Opinion. Plaintiff argues that it was decided after the parties had briefed the personal jurisdiction issues for the Court. This explanation is clearly an attempt to avoid Rule 59(e)'s prohibition against raising arguments that could have been raised prior to the decision. Indeed, Plaintiffs have not been shy when it comes to seeking leave to supplement, present new authority on pending issues and obtaining extensions before the Court. Plaintiffs' valiant attempt, however fails to overcome the obvious Rule 59(e) obstacle prohibiting raising argument that could have been raised prior to the decision.

Furthermore, even assuming the Court considered Plaintiff's reasoning regarding a new issue of law, the *Bristol-Myers* decision does not mandate reconsideration. In *Bristol-Myers*, the Supreme Court, in *dicta* did not decide left open the question of whether a federal court might, under some circumstances, exercise broader personal jurisdiction under the Fifth Amendment than is available to state courts under the Fourteenth Amendment by basing a decision on nationwide contacts rather than the contacts within the forum state. More significantly, *Bristol-Myers* Court reiterated the need to maintain a

"straightforward application" of the "settled principles of personal jurisdiction." The Court focused on the need for an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Id.* at *11, *7 (quoting *Goodyear*, 564 U.S. at 919). The Court reiterated that it is not enough for a defendant to have general connections with the forum—there must be a connection between the forum and the specific claims at issue. *Id.* at *8. The Court found the connection between the California forum and the nonresident plaintiffs too weak for a California court to claim specific jurisdiction. *Id.* at *9.

The Court articulated its reasoning in finding that it lacked personal jurisdiction over the dismissed Defendants. Nothing has changed, nor should the Opinion, Memorandum and Order in this matter be altered or amended under Rule 59(e). The Motion for Reconsideration is denied.

## Defendant Gardner Denver, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction

Defendants removed this matter to federal court from the Circuit Court of the City of St. Louis, Missouri, on January 19, 2017. According to the Petition, Defendants maintain registered agents in the state of Missouri, and are engaged in business in Missouri. Plaintiff Willie Everett is a resident of Missouri who was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers and/or

asbestiform fibers emanating from certain products he was working with and around which were manufactured, sold, distributed or installed by Defendants. Defendant moves to dismiss the action under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. For the reasons set forth in the Court's June 27, 2017 Opinion, Memorandum and Order, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, [Doc. No. 306], motion is well taken and will be granted.

**Motions to Dismiss and For Clarification**

Plaintiff sought to amend her Complaint because Plaintiff Willie Everett has died and Plaintiff sought to add a wrongful death claim and substitute Flora Everett as the Executrix of the Estate of Willie Everett. The Court allowed the Motion for that purpose alone. The Amended Complaint cannot revive the action with respect to dismissed defendants. Defendants Foster Wheeler Energy Corporation, John Crane, Inc., Warren Pumps, LLC, Honeywell International Inc., General Electric Company, Carrier Corporation, Greene Tweed & Co. Inc., CBS Corporation, Georgia Pacific, LLC, Ingersoll-Rand Company, Flowserve Corporation, Trane USA, Gardner Denver, Inc., and Eaton Corporation are dismissed. The motions to dismiss the amended complaint and for clarification thereof are granted.

**Defendant Gardner Denver, Inc.'s Motion to Quash the Rule 30(b)(6) Notice of Deposition and to Stay Discovery Against Gardner and Denver, Inc., [Doc. No. 308],**

Because Defendant Gardner Denver, Inc. has been dismissed, its Motion to Quash and to Stay is denied as moot.

**Plaintiff's Objections to Notice of Taking the Deposition of John C. Maddox, M.D. and Subpoena Duces Tecum**

Plaintiff's objections are denied, except to the extent that they object to the disclosure of work product and/or attorney client privileged material.

**Defendant Eaton Corporation, as Successor in Interest to Cutler-Hammer, Inc.'s Motion for Reconsideration of Order Granting Plaintiff's Motion for Leave to File Amended Petition**

Eaton seeks reconsideration of the Court's Order allowing the filing of an Amended Complaint. This motion is denied as moot; Defendant Eaton has been dismissed from this action.

**Conclusion**

For the reasons set forth above, Plaintiffs' Motion for Reconsideration is denied.

Defendants Foster Wheeler Energy Corporation, John Crane, Inc., Warren Pumps, LLC, Honeywell International Inc., General Electric Company, Carrier Corporation, Greene Tweed & Co Inc., CBS Corporation, Georgia Pacific, LLC, Ingersoll-Rand Company, Flowserve Corporation, Trane U.S., Inc., Gardner Denver, Inc., and Eaton Corporation are dismissed .

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Reconsideration, [Doc. No. 301], is denied.

**IT IS FURTHER** ORDERED that Defendant Foster Wheeler Energy Corporation's Motion for Joinder in CBS Corporation's Opposition to Plaintiff's Motion for Reconsideration, [Doc. No. 301], is granted.

**IT IS FURTHER ORDERED** that Defendant Gardner Denver, Inc.'s Motion to Dismiss for Lack of Jurisdiction, [Doc. No. 306], is granted.

**IT IS FURTHER ORDERED** that Defendant Gardner Denver, Inc.'s Motion to Quash the Rule 30(b)(6) Notice of Deposition and to Stay Discovery Against Gardner Denver, Inc., [Doc. No. 308], is denied as moot.

**IT IS FURTHER ORDERED** that Defendant Warren Pumps, LLC's Motion for Joinder in CBS Corporation's Opposition to Plaintiff's Motion for Reconsideration, [Doc. No. 315], is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to Notice of Taking the Deposition of John C. Maddox, M.D. and Subpoena Duces Tecum, [Doc. No. 330], are overruled.

**IT IS FURTHER** ORDERED that Defendant Eaton Corporation, as Successor in Interest to Cutler-Hammer, Inc.'s Motion for Reconsideration of Order Granting Plaintiff's Motion for Leave to File Amended Petition, [Doc. No. 339], is denied as moot.

**IT IS FURTHER ORDERED** that Defendant CBS Corporation's Motion to Dismiss for Lack of Jurisdiction, [Doc. No. 340], is granted

**IT IS FURTHER ORDERED** that Defendant General Electric Company's Motion for Clarification, [Doc. No. 341], is granted.

**IT IS FURTHER ORDERED** that and Defendant Warren Pumps, LLC's Motion for Clarification, [Doc. No. 342], is granted.

Dated this 11th day of January, 2018.


_____
    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE